IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS POULSEN A/S,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | Case No. 24-cv-04260<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Maria Valdez |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST CERTAIN DEFENDANTS**

Plaintiff Louis Poulsen A/S ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants Identified in **Schedule A** attached to Plaintiff's Motion for Entry of Default and Default Judgment whose names are not redacted (collectively, the "Defaulting Defendants") based on Plaintiff's action for trademark infringement and counterfeiting, infringement of common law trade dress, false designation of origin, violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), common law trademark infringement, and civil conspiracy.

**I.    STATEMENT OF FACTS**

Plaintiff is a Danish Public Limited Company and is the creator and seller of high quality, a variety of high-quality luxury indoor and outdoor lighting and accessories (the "LOUIS POULSEN Products"). Redacted Compl., ECF No. 1, ¶ 5; Sealed Compl., ECF No. 5, ¶ 5 (collectively "Compl."). Plaintiff sells its products under its federally registered trademarks and trade dress for several years (U.S. Reg. Nos. 1,590,730; 3,216,693; 3,910,353; 5,445,539; 6,703,937; 6,715,401; 2,927,453; 4,986,351) (collectively, "Plaintiff's Registered Trademarks

1

and Trade Dress"). Compl. ¶¶ 6-9. As a result of its long-standing use, the Company has common law trade dress rights ("Common Law Trade Dress") to: (1) the aforesaid Registered Trade Dress marks; and (2) the following designs:

| First Use Date | Trade Dress | Goods and Services |
|---|---|---|
| January 1, 2003 | | For: Lighting apparatus, namely, table lamps |
| January 1, 1998 | | For: Lighting apparatus, namely, table lamps |
| January 1, 1998 | | For: Lighting apparatus, namely, lamps |

Plaintiff is engaged in the business of distributing and retailing its products within the Northern District of Illinois under and through its federally registered intellectual property. *Id.* ¶ 7. Defendants' sales of the counterfeit products in violation of Plaintiff's intellectual property rights are irreparably damaging the Plaintiff. *Id.*

Defendants are individuals and entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. *Id.* ¶ 21. Defendants conduct business throughout the United States, including within the state of Illinois and this Judicial District, through the operation of fully interactive commercial websites and online commercial marketplaces operating under anonymous Defendant internet Stores. *Id.* Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold

and continues to sell counterfeit products to consumers within the United States, including Illinois and this Judicial District. *Id.*

Plaintiff filed this action on May 23, 2024. Redacted Compl. [1]; Sealed Compl. [5]. On May 28, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO").[14]; Sealed TRO, [15]. The Court extended the TRO on June 4, 2024. [18]. The court issued a Preliminary Injunction ("PI") on June 26, 2024. [22]. Paragraph 8 of the TRO permitted Plaintiff to complete service of process by electronic publication and providing notice via e-mail along with any notice that Defendants receive from webstore hosts and payment processors. Defaulting Defendants were properly served, and the Defaulting Defendants have not filed an answer or otherwise responded to the Complaint.

Pursuant to Fed. R. Civ. P. 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and a default judgment finding that Defaulting Defendants are liable on all counts of Plaintiff's Complaint. Plaintiff further seeks an award of statutory damages against each of the Defaulting Defendants as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, importing, offering for sale, and selling their counterfeit/infringing products and ordering that all assets in Defaulting Defendants' financial accounts up to the amount of the Judgment and any newly discovered assets up to the amount of the Judgment, including funds held by Alibaba, Aliexpress, Amazon, DHgate, eBay, Shopify, Temu and associated payment processors, and any other platforms, be transferred to Plaintiff.

## II. ARGUMENT

### A. Jurisdiction and Venue Are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants because each of the Defaulting Defendants directly targets business activities at consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* Compl. ¶¶ 2, 14, 27, 30; *see also uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the commercial internet websites and online marketplace accounts operating under the Defendant Internet Stores, the Defaulting Defendants have targeted sales to Illinois residents by operating websites and/or online marketplace accounts that offer infringing products for sale and shipping to the United States, including Illinois and, on information and belief, they have sold counterfeit/infringing products to residents within the United States, including Illinois. Many of the websites look sophisticated and accept payments in U.S. Dollars via credit cards, Western Union, LianLian, PayPal, Payoneer, Stripe, and other online merchant payment processors. Compl. ¶¶ 18, 21. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See Ent. One UK Ltd. v. P'ships and Unincorporated Ass'ns Identified on Sched. "A,"* No. 19- cv-00788 (N.D. Ill. Apr.

4

23, 2019); *Levi Strauss & Co. v. 932HK- 5Z4WQX,* No. 19-cv-00281, 2019 WL 6998963 (N.D. Ill. Apr. 2, 2019).

### B. Plaintiff Has Met the Requirements for Entry of Default

Pursuant to Fed. R. Civ. P. 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On March 6, 2024, Plaintiff filed its Complaint alleging, among other claims, trademark infringement and counterfeiting (15 U.S.C. § 1114) (Count I), false designation of origin (15 U.S.C. § 1125) (Count II), copyright infringement (17 U.S.C. § 501(a)) (Count III), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/2) (Count IV), and civil conspiracy (Count V). Despite having been properly served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### C. Plaintiff Has Met the Requirements for Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(2) provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

Twenty-one (21) days have passed since the Defaulting Defendants were served, and no answer or motion for summary judgment has been filed by any of the Defaulting Defendants identified in Schedule "A" to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous similar cases before this Court. Plaintiff requests an award of statutory damages as authorized by 15 U.S.C § 1117(c)(2) for willful trademark infringement against each of the Defaulting Defendants for use of counterfeits of the LOUIS POULSEN Trademarks and/or use of the LOUIS POULSEN Trade dress in connection with the counterfeit/infringing products sold through the Defendant internet Stores. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling the counterfeit/infringing products and requiring that all assets in Defaulting Defendants' financial accounts and any newly identified accounts operated by aba, Alibaba, Aliexpress, Amazon, DHgate, eBay, Shopify, Temu, and any other platforms be transferred to Plaintiff up to the amount of statutory damages awarded by the Court.

1. <u>Trademark Infringement</u>

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection; (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)). The legal standards governing trademark infringement/counterfeiting claims under the Lanham Act, false designation of origin claims under the Lanham Act, and claims brought pursuant to the IUDTPA are the same.

*Coach, Inc. v. Di Da Imp. and Exp., Inc.*, No. 13 C 7165, 2015 WL 832410, at *4 (N.D. Ill. Feb. 25, 2015).

Plaintiff alleged in its Complaint that its LOUIS POULSEN Trademarks and Trade dress are distinctive, that Defaulting Defendants had knowledge of Plaintiff's rights in the LOUIS POULSEN Trademarks and Trade dress, that Defaulting Defendants are not authorized to use the marks and Trade dress, and that Defaulting Defendants' use of the LOUIS POULSEN Trademarks and Trade dress cause a likelihood of confusion. Compl. ¶¶ 26, 30-36.

2. Infringement of Common Law Trade Dress

In order to be successful in a claim of trade dress infringement under the Lanham Act, Plaintiff must establish that: (1) its trade dress is non-functional; (2) its trade dress has acquired secondary meaning; and (3) members of the consuming public are likely to confuse the source of the product bearing the imitating trade dress with the source of the product bearing the imitated trade dress. *See Minemyer v. B-Roc Representatives, Inc.*, 678 F. Supp. 2d 691, 698 (N.D. Ill. 2009).

As alleged in the Complaint, Plaintiff's Common Law Trade Dress are non-functional and have acquired secondary meaning. The Defaulting Defendants had knowledge of Plaintiff's rights in its Common Law Trade Dress, that Defaulting Defendants are not authorized to use the Trade dress. Defaulting Defendants' use of the Common Law Trade Dress causes a likelihood of confusion. Compl. ¶¶ 26, 30-36.

3. Conclusion

Since the Defaulting Defendants have failed to appear, answer, or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999,

1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Counts I, II, III, IV, and V against the Defaulting Defendants.

**D. Plaintiff Is Entitled to Monetary Damages and Injunctive Relief**

An award of statutory damages serves dual interests: it is remedial in nature but is also intended to protect an important public interest. Given the broader economic losses and harm to the market caused by counterfeiting coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the internet, it is important to both penalize defendants and try to deter future violations.

1. <u>Statutory Damages Are Appropriate in This Case</u>

Pursuant to the statutory damages provision of the Lanham Act, a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, the provision provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." Courts interpreting 15 U.S.C. § 1117(c) have analogized it to case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* No. 03 C 4986, 2004 U.S. Dist. LEXIS 22563, at *10 (N.D. Ill. Feb. 25, 2005); *Sara Lee v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. Jan. 28, 1999). In *Sara Lee*, the court awarded statutory

8

damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." *Sara Lee*, 36 F. Supp. 2d at 170. The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or willful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant.

A recent report entitled "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020) highlights the disturbing trends in the marketing and distribution of counterfeit goods online. *See* Ex. 2 to Compl., ECF No 1-3. This report discussed escalating levels of counterfeit sales online as well as an increase in the services that support such operations. The economic toll of counterfeiting on governments, businesses, and consumers is disturbing.

A significant consideration in determining an appropriate statutory damages award should be whether infringing sales were made over the internet. The rationale for this is that sales over the internet should tend to increase the amount of an award because the use of the internet makes the infringing product widely available.

The lack of information regarding Defaulting Defendants' actual sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See PetMed Express, Inc. v. MedPets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Further, courts have recognized that statutory damages may be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, Nos. 03 C 5311, 03 C 4844, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

2. <u>Defendants' Counterfeiting Was Willful</u>

As alleged in Plaintiff's Complaint, Defaulting Defendants facilitate sales by designing the Defendant internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling Plaintiff's genuine products. Compl. ¶¶ 14, 15, 19, 29.

Under 15 U.S.C. § 1117(e), a counterfeiting violation is presumed willful "for purposes of determining relief if the violator . . . knowingly provided . . . materially false contact information to a domain name registrar."

"Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *19-20. Knowledge need not be proven directly but can be inferred from a defendant's conduct. *Id.* Here, Defaulting Defendants' counterfeiting was willful. Defaulting Defendants had knowledge that their activities constituted infringement or at least a reckless disregard for Plaintiff's rights in the LOUIS POULSEN Trademarks and Trade dress. This may be inferred, *inter alia*, from Plaintiff's extensive promotional efforts. Compl. ¶¶ 8-15.

Finally, this Court has deemed counterfeiting willful when defendants knowingly default. *See Ent. One UK Ltd.*, No. 19-cv-00788; *Levi Strauss & Co.,* 2019 WL 6998963.

3. <u>A Substantial Statutory Damages Award Is Appropriate and Just</u>

Courts have awarded substantial damages where a defendant's counterfeiting activities attracted wide market exposure through internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, No. 09-4215 (JBS), 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. June 14, 2010) (large damages awards in counterfeit cases were "due in part to the wide market exposure that the

internet can provide"); *Burberry Ltd. v. Designers Imp., Inc.*, No. 07 Civ. 3997(PAC), 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful internet-based counterfeiting, this Court has awarded plaintiffs significant damages, including those up to the maximum provided by law, to serve the purposes of: (1) deterring the defendant and others situated like him from introducing counterfeit goods into the market; (2) compensating the plaintiff for damages caused by defendant's infringement; and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Philip Morris U.S.A. Inc. v. Castworld Prods.,* 219 F.R.D. 494, 501 (C.D. Cal. 2003) (awarding $2,000,000 in statutory damages); *Burberry Ltd., v. P'shps and Unincorporated Ass'ns Identified on Schedule "A,"* No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014) (awarding $2,000,000 in statutory damages per defendant); *Oakley, Inc. v. P'shps and Unincorporated Ass'ns Identified on Schedule "A,"* No. 1:13-cv-02958 (N.D. Ill. June 17, 2013) (awarding $2,000,000 in statutory damages per defendant). Plaintiff respectfully requests that the Court exercise its discretion and enter an award of $100,000 per Defaulting Defendant consistent with the case law cited above.

### E. Plaintiff Is Entitled to Permanent Injunctive Relief

Plaintiff further respectfully requests entry of a permanent injunction under 15 U.S.C. § 1116(a), 17 U.S.C. § 502, and 35 U.S.C § 283, enjoining Defaulting Defendants from infringing Plaintiff's Intellectual Property rights, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can quickly act against any new websites and online marketplace accounts that are identified, found to be associated with Defaulting Defendants, and selling

counterfeit/infringing products. *See Ent. One UK Ltd.*, No. 19-cv-00788; *Levi Strauss & Co. v. 932HK-5Z4WQX,* 2019 WL 6998963.

### III.  CONCLUSION

Plaintiff respectfully requests that the Court enter an order of default and default judgment against each Defaulting Defendant on each of Plaintiff's claims; award Plaintiff statutory damages in the amount of $100,000 per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c)(2); and enter a permanent injunction order (i) prohibiting Defaulting Defendants from making, using, importing, offering for sale, or selling counterfeit/infringing products; (ii) prohibiting Defaulting Defendants from transferring assets out of Defaulting Defendants' financial accounts, including without limitation those operated by Alibaba, Aliexpress, Amazon, DHgate, eBay, Shopify, Temu, PayPal, Payoneer, Lian Lian and Stripe; and (iii) ordering that all such assets, as well as any newly discovered assets up to the amount of the Judgment, be transferred to Plaintiff.

Dated: September 16, 2024

Respectfully submitted,

LOUIS POULSEN A/S.

By:  /s/ James E. Judge
      Attorney for Plaintiff

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law & Business Law
77 W. Washington St., Ste. 800
Chicago IL 60602
(312) 724-8874
jjudge@fleneriplaw.com