**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOUIS POULSEN A/S,<br><br>                              *Plaintiff*,<br><br>        v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>                             *Defendants,* | Case No.: 24-cv-04260<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Maria Valdez |

**DECLARATION OF J. BENJAMIN BAI
OF DEFENDANT LIGHTZEY'S MOTION FOR ATTORNEY FEES AND COSTS**

       I, J. Benjamin Bai, declare as follows:

1. I am an attorney admitted pro hac vice in the above-styled case before this Court, and a partner with King & Wood Mallesons LLP in New York. I am also an international partner with the Shanghai office of King & Wood Mallesons China. I am an attorney of record for Defendant Lightzey. I am personally familiar with the facts stated below and, if called as a witness, could testify competently thereto.

2. I am fluent in both Chinese and English and can certify that the English translation provided herewith is accurate to the best of my ability.

3. Attached to this Declaration as Exhibit 1 is a true and correct copy of the certificate of incorporation for Waves HK HOLDINGS LIMITED.

4. I confirm that Waves HK HOLDINGS LIMITED assures me that these facts are true and correct: 1) https://thelightzey.com/ is an e-commerce business that is engaged in sales of light products primarily to the U.K. markets; 2) the website is owned and operated by Waves HK HOLDINGS LIMITED, a Hong Kong company; and 3) it has no U.S. presence, except that the website is accessible in the U.S., including Illinois.

5. Attached to this Declaration as Exhibit 2 is a true and correct copy of the two screenshots provided to me by Defendant in mid-July 2024. They show that a total of $185,013.44

($42,102.52+$142,910.92) was frozen due to the TRO issued by this Court. An English translation is provided herewith.

6. Attached to this Declaration as Exhibit 3 is a true and correct copy of an email string of communication between Plaintiff's counsel and me as Defendant's counsel during July 22 and September 26, 2024. The relevant information protected under Federal Rule 402 is redacted.

7. On July 24, Plaintiff provided a copy of the sealed Complaint and TRO, which do not include any evidence of infringing sales by Lightzey to Illinois specifically or the U.S. generally. *See* Exhibit 3 at 21-22.

8. Attached to this Declaration as Exhibit 4 is a true and correct copy of the three screenshots provided to me by Plaintiff as infringement evidence on July 24. Picture 1 is labeled by Plaintiff as "Other---thelightzey---2d3030674-1", Picture 2 as "Other---thelightzey---2d3030674-POS", and Picture 3 as "Other---thelightzey---2d3030674---Vruvozozar-TB".

9. Attached to this Declaration as Exhibit 5 is a true and correct copy of the email from me to Plaintiff's counsel on July 25, pointing out that their infringement evidence does not support the Court's jurisdiction and thus the TRO lacked factual support. I also urged them to take corrective action. *See* Exhibit 5 at 1. The attorney fees incurred up to July 25 were about $7K. *See* Exhibit 3 at 1.

10. On August 5, I followed up with Plaintiff's counsel via email to again confirm that Lightzey made no sale of the Umbrella Pendant Light in Picture 1 to the U.S. and that the Court has no jurisdiction over Lightzey, and to ask Plaintiff to take corrective action with regards to the TRO. *See* Exhibit 3 at 14-15.

11. On August 27, I followed up with Plaintiff counsel because they did not respond to my August 5 email and reiterated that 1) Plaintiff did not have any infringing evidence to support the TRO; and 2) being officers of the court, Plaintiff's counsel have a duty to inform the court of their mistakes and take corrective action. *See* Exhibit 3 at 14.

12. On August 29, I responded to Plaintiff's counsel's email on August 29 by repeating the prior requests - being officers of the court, Plaintiff's counsel is under a duty to immediately dissolve the TRO. *See* Exhibit 3 at 11.

13. Attached to this Declaration as Exhibit 6 is a true and correct copy of the screenshot showing no U.S. sales by Defendant which was provided to Plaintiff on September 1. Defendant generated the screenshot by searching in its system for any sale relating to the product containing "wv802" in the U.S. Code "wv802" represents the Umbrella Pendant Light alleged to be infringing. "No data" means that there is no sale.

14. On September 1, when sharing the screenshot (attached as Exhibit 6), I wrote to Plaintiff's counsel and urge them to take corrective action with regard to their improperly obtained TRO. *See* Exhibit 3 at 9.

2

15. Since the dismissal filed by Plaintiff on September 2, Chicago time, Plaintiff has not provided any "corrected" screenshots or any other evidence supporting its allegations in the Complaint or that justified its pursuit of an *ex parte* TRO.

16. On September 5, I wrote to Plaintiff's counsel to propose a settlement discussion regarding Defendant's legal fees and damages. *See* Exhibit 3 at 7-8.

17. On September 15, I wrote to Plaintiff's counsel to offer to accept $60,000 as compensation to settle all claims. *See* Exhibit 3 at 4.

18. On September 21, Plaintiff's counsel replied by declining to discuss legal fees. *See* Exhibit 3 at 2.

19. On September 26, I responded to Plaintiff's counsel by outlining reasons why this case is an exceptional case under the Lanham Act. *See* Exhibit 3 at 1.

20. I'd like to point out the fact that during the relevant period when I communicated with Plaintiff's counsel I was located in Shanghai, China, which was 13 hours ahead of Chicago where the Plaintiff's counsel was located. It is not entirely clear how email servers time-stamped our emails. The time stamp for the emails in Exhibits 3 and 5 may be off by one day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th of October, 2024.

      Respectfully submitted,

      Lightzey

By: */s/ J. Benjamin Bai*