# Exhibit 7

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Shenzhen Huanyusheng Technology Co., Ltd., et al.

        Plaintiff,

v.        Case No.: 1:24−cv−08789

        Honorable John Robert Blakey

MAVIR

        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 1, 2024:

    MINUTE entry before the Honorable John Robert Blakey: Plaintiffs filed this action jointly seeking a declaration that they do not infringe Defendant's patent. Of the 16 Plaintiffs, 11 are Chinese companies with their principal places of business in China; the other 5 have their principal places of business within the United States though none has any connection to Illinois or this district. See [4], paragraphs 5−20. Plaintiffs sue based upon Defendant's initiation of Amazon Infringement Complaints, which led to Plaintiffs products being delisted from Amazon. Id. Plaintiffs also seek a temporary restraining order, [5]. Before turning to the motion, the Court must first satisfy itself that venue is proper here and that it may properly exercise personal jurisdiction over Defendant, a foreign company operating in China. See [4], paragraph 22. 28 U.S.C. § 1391 provides that venue lies in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.&qu;ot; Defendant is not a resident of this district; nor does the complaint suggest that any of the events or omissions giving rise to Plaintiffs' claims occurred here. Nor is it clear that this Court can exercise personal jurisdiction over Defendant. Although this Court routinely exercises personal jurisdiction over foreign companies that, in fact, sell allegedly infringing products to residents of Illinois via fully interactive websites operating here, Plaintiffs do not allege such conduct here, and Plaintiffs' claims do not stem from any sales (or other conduct) by Defendant within this district or within the state. As a result, the Court denies without prejudice Plaintiffs' motion for entry of temporary restraining order [5], strikes the 10/2/24 Notice of Motion date, and dismisses without prejudice Plaintiffs' amended complaint [4]. If Plaintiffs can, consistent with their obligations under Rule 11, amend their complaint to allege facts demonstrating that venue remains proper here and that this Court may properly exercise personal jurisdiction over Defendant based upon complaints made to Amazon about Plaintiffs' online sales activities, they may file an amended complaint by 10/30/24. If

Plaintiffs fail to comply, the Court will dismiss this case. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.