IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louis Poulsen A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 4260 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| The Partnerships and Unincorporated | ) | |
| Associations Identified in Schedule A, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Lightzey's motion for protective order [77] is denied.

**STATEMENT**

Defendant Lightzey has filed a motion for attorney fees and costs, claiming to be entitled to them because it was forced to defend itself in this "exceptional" case, *see* 15 U.S.C. § 1117(a). The parties are in the midst of briefing that motion. Lightzey now moves for a protective order that would permit Lightzey's counsel to file time sheets under seal, asserting that they contain "proprietary information" that Lightzey intends to keep "private and confidential" to avoid giving adversaries "an unfair advantage in future negotiations or litigation." (Mot. ¶ 5, ECF No. 77.)

Litigation in federal courts is presumptively public, and people who "call on the courts . . . must accept the openness that goes with subsidized dispute resolution." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case . . . be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). "[O]nly trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). "Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Id.* at 545 (internal citation omitted). "The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009).

Lightzey has not explained in any detail how the time sheets it intends to file under seal fit into a protectable category or why its privacy interest outweighs the public's interest in transparency. It does not claim that filing the time sheets on the public docket would reveal privileged information, nor that it would reveal "trade secrets," exactly, unless that is what it means

by "proprietary information." But using this vague term and making other vague references to confidential information and competitive disadvantage does not convince the Court that the high standard for secrecy is met here. "Claims of confidentiality must be specifically justified." *DuraSystems Barriers Inc. v. Van-Packer Co.*, 666 F. Supp. 3d 749, 757 (C.D. Ill. 2023) (citing *Baxter*, 297 F.3d at 546); see *Gove v. Sargento Foods, Inc.*, No. 18-CV-1335-PP, 2023 WL 3953287, at *5 (E.D. Wis. June 11, 2023). "A motion to seal thus has 'no prospect of success' unless it analyzes 'in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Mercasia USA Ltd. v. 3BTech, Inc.*, No. 3:17-CV-718 JD, 2022 WL 872735, at *3 (N.D. Ind. Mar. 24, 2022) (citing *Baxter*, 297 F.3d at 548). There is no such painstaking analysis here, nor is any proper basis for keeping this information under seal obvious to the Court. "Commercially sensitive information can be kept secret at the discovery stage, but general interests in commercial advantage and privacy aren't sufficient reasons to keep information relevant to judicial decision-making secret." *Palacio v. Med. Fin. Sols.*, No. 21 CV 1288, 2022 WL 2132505, at *2 n.4 (N.D. Ill. June 14, 2022) (citing *Baxter*, 297 F.3d at 545). Merely "[l]abeling . . . information 'sensitive,'" *Kotoklo v. Karpinski*, No. 20-CV-0635, 2021 WL 4516362, at *2 (N.D. Ill. Apr. 12, 2021), or "asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Gordon v. Menard, Inc.*, No. 23 C 317, 2023 WL 6619427, at *2 (N.D. Ind. Oct. 10, 2023) (cleaned up). These time sheets are at the heart of the dispute between the parties; the Court is hard pressed to imagine how it can make any ruling in this matter that would not be "underpin[ned]" by them. *See* 297 F.3d at 545. Lightzey's motion is woefully inadequate to demonstrate why Lightzey is entitled to keep these time sheets secret, the public's right to transparency notwithstanding, and still pursue a motion for attorneys' fees. The motion is therefore denied.

**SO ORDERED.**                          **ENTERED: October 23, 2024**

**JORGE L. ALONSO**
**United States District Judge**