IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Louis Poulsen A/S,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 24 C 4260 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| **The Partnerships and Unincorporated Associations Identified in Schedule A,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Defendant Lightzey's motion for attorney fees [68] is denied. This case remains closed.

## STATEMENT

Defendant Lightzey claims that this is an "exceptional" case, *see* 15 U.S.C. § 1117(a), in which it is entitled to its reasonable attorney fees because Plaintiff, Louis Poulsen A/S, asserted counterfeiting claims under the Lanham Act, *see* 15 U.S.C. § 1125, without any good-faith basis for asserting personal jurisdiction. For the following reasons, the Court denies the motion.

### I. Background

This is a "Schedule A" case in which Plaintiff sued 436 defendants, including Lightzey, for violating Plaintiff's trademark rights by selling infringing light fixtures online via third-party platforms or their own websites. As is typical in Schedule A cases, Plaintiff promptly moved *ex parte* for a temporary restraining order ("TRO") freezing any online accounts that the defendants used to conduct business, including Lightzey's PayPal account. The Court granted the motion and entered a sealed TRO on May 28, 2024.

Lightzey contacted Plaintiff to ask for a copy of the sealed court documents and any evidence supporting Plaintiff's claims. Plaintiff provided two screenshots showing an infringing product in an online shopping cart on Lightzey's website, but the screenshots did not show that the purchase of that product had been completed. These two screenshots were accompanied by a third, which showed that Lightzey had confirmed an online order for purchase and shipment to Illinois, but this order was for a non-infringing product, a candle holder, not the infringing light fixture shown in the other two screenshots. Lightzey examined its sales records and determined that it had made no sales of any infringing product in Illinois or indeed anywhere else in the United States.

For reasons that are not clear to the Court, Lightzey's PayPal account remained frozen even

after the expiration of the TRO, although no preliminary injunction against Lightzey ever issued. In late July 2024, Lightzey informed Plaintiff that the screenshot evidence Plaintiff had provided did not demonstrate that Lightzey had completed a sale of an infringing product to an Illinois purchaser, so there was "no jurisdiction" and "no factual basis for the TRO," and a "corrective action [was] in order." (Mot. for Attorney's Fees, Ex. 3, ECF No. 68-5 at 21.) In a follow-up email, Lightzey informed Plaintiff that its investigation of its sales records showed "no sale to the U.S. has ever been consummated." (*Id.* at 19.)

Plaintiff replied that the screenshot of the candle holder had been included by mistake; that screenshot was intended only for "internal use" to "confirm that products from [Lightzey's] website can be shipped to Illinois." (*Id.* at 12.) Plaintiff asked several times—first on August 4, 2024, then again on August 29, and finally on August 31—for screenshots of sales figures to confirm that Lightzey had made no U.S. sales of the infringing product. Lightzey provided the requested information on September 1, 2024. Plaintiff voluntarily dismissed Lightzey from the action the following day.

**II.     Discussion**

15 U.S.C. § 1117(a) provides that, "in exceptional cases" brought under the Lanham Act, "[t]he court . . . may award reasonable attorney fees to the prevailing party." To determine whether a case is "exceptional" for purposes of this fee-shifting provision, courts are to "examine the totality of the circumstances and exercise their equitable discretion." *LHO Chicago River, LLC v. Perillo*, 942 F.3d 384, 388-89 (7th Cir. 2019) (cleaned up). Courts are to consider factors "including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994)). The exceptional case "simply stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 510 U.S. at 554.

Lightzey argues that this case is "exceptional" because Plaintiff filed it without evidence sufficient to prove personal jurisdiction over Lightzey. Judges in this district typically hold that they lack personal jurisdiction over an online merchant such as Lightzey who has not made any sales or shipments to purchasers in Illinois, unless the merchant has made other specific efforts to target or avail itself of the forum; it is not enough for its website to be accessible in the forum jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (citing *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014)); *Shenzhen Aji Fashion Tech. Co. v. WhaleCo Inc.*, No. 23 CV 14043, 2024 WL 2845974, at *4 (N.D. Ill. June 5, 2024) (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624-25 (7th Cir. 2022)) ("[T]he mere fact that a defendant operates a website that can be accessed in a forum is generally insufficient to establish personal jurisdiction[, although] the sale of even a single infringing product to the forum can be sufficient."); *Vortex, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) ("[O]ffering to

2

sell products on interactive websites alone is not enough to support personal jurisdiction."); *see also Mehta v. Starwood Hotels & Resorts, LLC*, No. 21-CV-01591, 2024 WL 4346611, at *5 (N.D. Ill. Sept. 30, 2024) (no purposeful availment or direction of activity toward Illinois where "Defendants' online advertising," though viewed in Illinois, "did not target any state"). Lightzey argues that Plaintiff lacked any basis for asserting personal jurisdiction over Lightzey without evidence that Lightzey had made sales to Illinois purchasers, which makes its conduct in this case unreasonable enough to qualify as "exceptional" under 15 U.S.C. § 1117.

This argument has a certain appeal; after all, given that Schedule A plaintiffs ask courts for *ex parte* TROs that freeze assets before defendants even have a chance to object, it might seem fair to require them to make certain that jurisdiction is secure before bringing suit. But the Court is not aware of authority establishing that plaintiffs must be in possession of facts establishing personal jurisdiction to a certainty from the very outset of the case. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 592 (7th Cir. 2021). As a general matter, it is not "exceptional"—*i.e.*, an obviously erroneous or unreasonable departure from the typical practice—to bring suit in a particular forum even though jurisdiction may depend on facts that the plaintiff lacks because they are only possessed by the opposing party. *See, e.g.*, *Deckers Outdoor Corp. v. Wolverine Grp. Pty Ltd*, No. 1:24-CV-3164, 2025 WL 1222471, at *3 (N.D. Ill. Apr. 28, 2025); *see also Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) (subject-matter jurisdiction). "If the plaintiffs' allegations establish a 'colorable' showing of personal jurisdiction, the Court has discretion to order limited discovery that would allow plaintiffs to uncover facts that might establish jurisdiction." *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proc.*, 136 F. Supp. 3d 968, 973 (N.D. Ill. 2015) (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). Courts may allow for the possibility that certain jurisdictional facts may be out of the plaintiff's reach at the time the suit is filed and permit the plaintiff to take jurisdictional discovery if necessary. *See Deckers*, 2025 WL 1222471, at *3. The Court is unwilling to hold that Schedule A cases should be treated differently, as a rule, where Schedule A plaintiffs lack access to accused infringers' sales data until they file suit and seek discovery. *See, e.g., Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, No. 24 CV 607, 2024 WL 3338942, at *3-5 (N.D. Ill. July 9, 2024).

Of course, Schedule A plaintiffs can typically purchase an infringing product in the forum state to ensure jurisdiction, but it does not follow that they *must* do so in *all* cases. *See, e.g.*, *BRABUS GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-03720, 2022 WL 7501046, at *3 (N.D. Ill. Oct. 13, 2022). In this case, Plaintiff knew that Lightzey (1) sells infringing products on its website and (2) ships products to Illinois. While that may not be enough to establish personal jurisdiction conclusively, the Court is not prepared to say that it was so little to go on that filing suit and seeking informal discovery of sales to Illinois before voluntarily dismissing the case amounted to unreasonable litigation conduct or reflected a frivolous litigation position. *See Roadget*, 2024 WL 3338942, at *3-5; *Jergenson v. Inhale Int'l Ltd.*, No. 22 CV 2040, 2023 WL 8935005, at *2 (N.D. Ill. Dec. 27, 2023), *aff'd,* No. 24-1177, 2024 WL 4430531 (7th Cir. Oct. 7, 2024); *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL

1556381, at *5-6 (N.D. Ill. May 17, 2022); *see also Hayes v. FM Broad. Station WETT*, 930 F. Supp. 2d 145, 153 (D.D.C. 2013) (declining to award attorney fees to defendant under § 1117(a) because the case was "a run-of-the-mill case, brought in an arguably—though not actually—appropriate jurisdiction," based on "an unsettled area of . . . personal jurisdiction law").

Lightzey argues that Plaintiff was slow to voluntarily dismiss, requiring Lightzey to incur unnecessarily tens of thousands of dollars in attorney fees in the approximately six-week period between the initial email contact between the parties and the voluntary dismissal. The Court does not agree that Plaintiff's litigation conduct was unreasonable. After a brief email exchange in which Plaintiff had to request sales data several times, Plaintiff finally received sales data indicating that Lightzey had made no U.S. sales, and then it promptly dismissed the suit. This is not a case in which the plaintiff unreasonably dragged the defendant through months of costly discovery for no reason. *Cf. Jergenson*, 2024 WL 4430531, at *4. If the case was costly to Lightzey, this appears to be primarily because its counsel billed for more work than was necessary and appropriate under the circumstances; indeed, the fees Lightzey claims to have incurred defending this suit are wildly excessive. The Court need not go through all the reasons why Lightzey's fee petition is unreasonable, but it would be remiss if it did not point out that, apparently, Lightzey could have nipped this matter in the bud by promptly providing the sales data Plaintiff first requested on August 4, 2024, which Lightzey did not provide for several more weeks. Instead, Lightzey spent almost 50 hours working on this case until it was ultimately resolved by way of a brief email exchange about a relatively simple issue of personal jurisdiction. Then, Lightzey's counsel spent nearly 80 hours working on the present motion for attorney fees. The Seventh Circuit has explained that "the hours claimed to have been expended on the fee request [should] bear a rational relation to the number of hours spent litigating the merits of the case," and it is "patently unreasonable . . . to expend the same number of hours, or almost as many, on . . . a fee petition as . . . on the merits." *Spegon v. Cath. Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999). Lightzey spent approximately thirty more hours on the fee motion than on the merits, which is patently unreasonable.

Because there was at least a colorable basis for personal jurisdiction in the facts Plaintiff knew at the time it filed suit, this case is not the sort of "exceptional" case for which fee-shifting is appropriate. Plaintiff's conduct in this litigation was reasonable, and its legal positions were not frivolous. Defendant Lightzey's motion is therefore denied. This case remains closed.

**SO ORDERED.**  **ENTERED: May 28, 2025**

**JORGE L. ALONSO**
**United States District Judge**